IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01570-BNB

HERMAN BARNES, JR.,

    Plaintiff,

v.

WARDEN WILEY,
UNIT MANAGER COLLINS,
OFFICER RAMIREZ, and
OFFICER FOSTER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff, Herman Barnes, Jr., is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He filed *pro se* a civil rights complaint for money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). On September 3, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Barnes to file within thirty days an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure and that alleged each named defendant's personal participation in the asserted claims. On October 10, 2008, Mr. Barnes filed an amended *Bivens* complaint. He asks for injunctive relief and money damages.

Mr. Barnes has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006).

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. ***Neitzke v. Williams***, 490 U.S. 319, 324 (1989).

Mr. Barnes is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. ***Green v. Nottingham***, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Barnes is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

In the amended complaint, Mr. Barnes asserts five claims for relief. Despite the fact that the September 3, 2008, order for an amended complaint directed Plaintiff to allege which constitutional rights have been violated, he has failed to do so. Nonetheless, the Court has done its best to construe liberally the claims of constitutional violations.

As his first claim, Mr. Barnes contends that on June 19, 2008, as a result of his refusing a 9:15 a.m. order by Defendant Officer Ramirez to clean his cell, Defendant

2

Unit Manager Collins directed Officer Ramirez not to provide Plaintiff with a lunch, despite the fact that Plaintiff is diabetic. Mr. Barnes further alleges that Officer Ramirez's statement in a June 19, 2008, incident report that, at noon, when he was about to feed Plaintiff, he noticed a broken television in Plaintiff's cell and that Plaintiff proceeded to break his cell windows, conflicts with the written statements by Defendant Officer Foster and Officer Manspeaker, who is not a named defendant, at Plaintiff's disciplinary hearing and in the discipline hearing officer report that they heard a loud banging when they returned to Plaintiff's cell and saw that his television and windows were destroyed.

As his second claim, Mr. Barnes appears to allege that the BP-8 informal grievance form he gave to Defendant Collins regarding missing property was never processed, and that Defendant Warden Wiley failed to do anything about the failure to process his BP-8 grievance.

As his third claim, Mr. Barnes disagrees with the statement made by Defendant Officer Foster at a disciplinary hearing, i.e., that Plaintiff threatened to throw feces at the unit officers and, therefore, the unit officers did not open the inner grill to his cell and food slot to feed him lunch, because the June 19, 2008, incident report concerning the threat did not include a statement that Plaintiff threatened to throw feces at the unit officers.

As his fourth claim, Mr. Barnes alleges that because he was denied a lunch on June 19, 2008, Defendant Warden Wiley put his life in danger. He bases this claim on the assertion that he is a diabetic who is required to take medication three times a day,

and needs food to make sure that the medication does not cause his blood sugar to get low.

As his fifth claim, he contends that Defendant Warden Wiley violated his rights when his legal and personal property was confiscated on June 19, 2008, before he was placed in administrative detention. He also alleges that when his property was returned to him on June 27, 2008, certain items of property were missing, including legal materials and mail, pages from a book he was writing, and notes regarding the book. He asserts that when his case manager Fenlon, who is not a named defendant, was making his rounds, he told Mr. Barnes that his book and legal property would not be returned.

The portion of Mr. Barnes' first claim asserting that, Defendants Collins and Ramirez denied him lunch on June 19, 2008, despite the fact that he is diabetic, will be construed liberally as asserting a violation of Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment. Mr. Barnes' claim that, as a diabetic, being denied lunch on one occasion subjects him to cruel and unusual punishment under the Eighth Amendment is without merit.

A prisoner claiming that he was subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a

specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

In addition, an inmate asserting an Eighth Amendment claim must allege that Defendants acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Although he contends he informed Mr. Collins that he needed food because he is diabetic, Mr. Barnes fails to allege facts indicating that Defendants had knowledge that he faced a substantial risk of serious harm by denying him a lunch on one day. Moreover, he fails to allege any facts indicating that he suffered any injury from missing lunch on June 19, 2008. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). The claim will be dismissed.

The portion of Mr. Barnes' first claim concerning conflicting information in his incident report and at his disciplinary hearing about the broken television and windows and his third claim, construed liberally, appear to assert that his rights to due process rights at his disciplinary hearing were violated. A review of an applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996). *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), held that adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with advance written notice of the charges, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. Mr. Barnes does not allege, and there is no indication in the file, that the prison disciplinary hearing did not comply with the requirements established by the United States Supreme Court in *Wolff*. Therefore, because Mr. Barnes fails to allege facts that could support an arguable due process claim based on allegations in the second portion of his first claim and in his third claim, these claims will be dismissed.

Mr. Barnes' second claim, i.e., that his BP-8 informal grievance was never processed, does not rise to the level of a constitutional violation. To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R.

§ 542.14 - 542.15. Therefore, Mr. Barnes need only attempt to resolve his grievance informally, *see* 28 C.F.R. § 542.13(a), which he allegedly did. Submitting a copy of a BP-8 informal resolution attempt is not required as part of the BOP's three-step, administrative grievance procedure and, therefore, would not have interfered with any attempts he may have made to exhaust the BOP's administrative procedure. *See* 28 C.F.R. § 542.15(b). In addition, any failure to process Plaintiff's BP-8 does not appear to have interfered with the return of at least part of his confiscated property. This claim is meritless, and will be dismissed.

Mr. Barnes' fourth claim that because he was denied a lunch on June 19, 2008, Defendant Warden Wiley put his life in danger is without merit. Plaintiff fails to allege any personal participation by Warden Wiley in the denial of his lunch. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Barnes must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Wiley, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, the fourth claim must be dismissed.

Mr. Barnes' fifth claim is without merit for the same reason, i.e., he fails to allege any personal participation by Defendant Warden Wiley in the confiscation or the return

of his property. In addition, the comment made by Officer Fenlon, who Mr. Barnes fails to name as a defendant, does not rise to the level of a constitutional violation. Merely making the conclusory allegation that his constitutional rights have been violated does not entitle a *pro se* pleader such as Mr. Barnes to a day in court, regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Any claims Mr. Barnes may be attempting to assert against Officer Fenlon are too conclusory to rise to the level of a constitutional violation, and must be dismissed. *Hall*, 935 F.2d at 1110; *Wise v. Bravo*, 666 F.2d 1328, 1332-33 (10th Cir. 1981). Therefore, the amended complaint will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

**FURTHER ORDERED that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full. If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated.**

DATED at Denver, Colorado, this 12 day of Dec., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01570-BNB

Herman Barnes, Jr.
Reg. No. 22698-086
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/15/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk